IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3129-FL

| | | |
|---|---|---|
| LARRY RAY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

The matter comes before the court on defendants' motion to dismiss (DE 19). Plaintiff responded in opposition and also filed a motion to amend his complaint (DE 30). For the following reasons, the court denies plaintiff's motion to amend and allows defendants' motion to dismiss.

## STATEMENT OF THE CASE

On June 11, 2015, plaintiff, a federal inmate incarcerated at the Low Security Correctional Institution in Butner, North Carolina, brought this action *pro se* against the United States of America, Charles Samuels, C/O Barnes, C/O James, Warden Cruz, and Doctor Victor Loranth. Plaintiff alleged claims pursuant to both the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq*. Plaintiff's claims related to defendants' alleged negligence while they transported plaintiff to a medical appointment. In addition, plaintiff asserted a medical malpractice claim, asserting that the injuries he sustained when he fell out of the van were improperly treated.

On April 11, 2016, the court conducted a frivolity review of plaintiff's case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court allowed plaintiff to proceed with his FTCA action against

the United States only, and dismissed without prejudice the remaining defendants named in his FTCA action. The court also dismissed without prejudice plaintiff's medical malpractice claim based on plaintiff's failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.

On July 12, 2016, defendant filed the instant motion to dismiss. Plaintiff has responded in opposition, and has also filed a motion to amend his complaint. Defendant responded in opposition to the motion to amend on October 24, 2016. In this posture, the issues raised are ripe for adjudication.

## STATEMENT OF FACTS

Plaintiff contends that, while he was incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina, Bureau of Prisons ("BOP") officials transported him to a doctor's appointment in Lake City, South Carolina. (Compl. p. 3). He claims the correctional officers transporting him negligently decided to transport him "without [the] usage of [his] wheelchair." (Id.). The two transporting employees assisted plaintiff out of the transportation van by holding him by his arms. (Id. at 3-4). Despite this assistance, while plaintiff was exiting the transportation van "he fell and hit his back and hip on the van and leg to the pavement causing severe damage and injury with great pain." (Id. at 4). Plaintiff alleges that, had he been secured safely in his prescribed wheelchair, he would not have fallen. (Id. at 7).

## DISCUSSION

A.  Motion to Amend

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within 21 days after service, or, if the pleading requires a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ.

2

P. 15(a)(1). Otherwise, a party may amend its pleading only with the written consent of the opposing party or with leave of court. See Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a complaint or answer unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962).

In his motion to amend, plaintiff contends another inmate prepared his complaint for him. (Mot. (DE 30) at 1). Plaintiff essentially concedes that he did not read the complaint that was prepared for him prior to signing it and filing it with the court, a clear violation of Rule 11(b) of the Federal Rules of Civil Procedure. (Id.). Only after having the benefit of defendant's motion to dismiss did plaintiff review his complaint and seek to correct the alleged errors in his complaint. (Id. at 1-2). The court cannot encourage future Rule 11(b) violations by now permitting plaintiff to "correct" a complaint he failed to review before filing at this stage of the proceedings. Accordingly, plaintiff's motion to amend is denied based on plaintiff's bad faith.

Out of an abundance of caution, the court also notes that none of the allegations contained in plaintiff's amended complaint would alter the court's analysis of defendant's motion to dismiss. For the reasons discussed below, even if plaintiff's proposed amendments were taken into consideration, plaintiff's claims would be barred by the discretionary function exception. Accordingly, in the alternative, plaintiff's motion to amend is denied as futile.

3

B.  Motion to Dismiss

1.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, as here, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable

4

expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

2. Analysis

To succeed on a claim for damages against the federal government, a plaintiff must "show that an unequivocal waiver of sovereign immunity exists." Welch v. United States, 409 F.3d 646,

651 (4th Cir. 2005). "If the plaintiff fails to meet this burden, then the claim must be dismissed." Id. Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); see Millbrook v. United States, 133 S. Ct. 1441, 1443 (2013). A prisoner can sue under the FTCA to recover damages from the United States for personal injuries sustained during confinement in a federal prison due to the negligence of a government employee. See Millbrook, 133 S. Ct. at 1443; United States v. Muniz, 374 U.S. 150, 150, 153–58 (1963).

The FTCA does not allow recovery, however, for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function," even if "the discretion involved [is] abused." 28 U.S.C. § 2680(a). "The discretionary function exception 'marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" Holbrook v. United States, 673 F.3d 341, 345 (4th Cir. 2012) (quoting United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984)).

Applying the discretionary function exception initially requires identifying "the conduct at issue" that led to the alleged injury. S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 332 (3d Cir. 2012). After identifying the conduct at issue, the court employs a two-part test to determine whether the discretionary function exception applies. See United States v. Gaubert, 499 U.S. 315, 322–23 (1991). First, the "exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.'" Id. at 322 (quoting Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536 (1988)).

6

> A government employee's conduct does not involve discretion where a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow and the employee has no rightful option but to adhere to the directive . . . . Where, however, a regulation authorizes or requires employee discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion.

Holbrook, 673 F.3d at 345 (quotations and citations omitted). Second, if the alleged conduct involves discretionary judgment, the court must determine whether the exercise of judgment is "based on considerations of public policy." Gaubert, 499 U.S. at 323 (quotation omitted); Berkovitz, 486 U.S. at 537; see Holbrook, 673 F.3d at 345.

The government's alleged negligence as it transported plaintiff to a medical appointment satisfies both prongs of the discretionary function exception. The crux of plaintiff's claim is that BOP employees did not properly assist him in exiting the transportation van, a task on which the BOP policy is silent. See, e.g, Holbrook, 673 F.3d at 345 (holding that "internal guidance to [agency] employees is insufficient to establish a mandatory requirement such that the exercise of discretion was removed from the task at hand"); Vinzant v. United States, 458 F. App'x 329, 333 (5th Cir. 2012) (holding decision to seatbelt prisoners in van was discretionary function, where plaintiff "points to no policy binding on the U.S. Marshals Service requiring Marshals to secure prisoners with seatbelts"); Menolascina v. United States, No. 12 C 90, 2013 WL 707920, at *2 (N.D. Ill. Feb. 26, 2013) (unpublished) ("The conduct at issue in this lawsuit—determining how to load prisoners into a van to transport them back to prison—is exactly the kind of discretionary function that the exception was designed to shield."); Crane v. United States, No. 3:10-68-AC, 2011 WL 7277317, at *7 (D. Or. Nov. 29, 2011) (unpublished) ("The court finds that there are no mandatory directives specifically governing deputies' conduct in managing prisoner exits from transport vehicles."), report and recommendation adopted, 2012 WL 442748 (D. Or. Feb. 9, 2012).

Accordingly, BOP employees have discretion in how to supervise and monitor inmates' exiting transport vehicles.

In addition, if the alleged conduct involves discretionary judgment, the court must determine whether the exercise of judgment is "based on considerations of public policy." Berkovitz, 486 U.S. at 537; see Gaubert, 499 U.S. at 323; Holbrook, 673 F.3d at 345, 348. Decisions concerning the degree of assistance to provide to prisoners during transportation are matters of public policy. See id.; see, e.g., Vinzant, 458 F. App'x at 333 (holding that "the decision not to secure inmates with safety belts during transport is a classic example of the type of policy choice that is shielded by the discretionary function exception to the FTCA"); Vinson v. U.S. Marshals Serv., No. CA 0:10-79-RMG-PJG, 2011 WL 3903057, at *5 (D.S.C. July 29, 2011) (holding that "actions regarding the use of seatbelts when transporting prisoners is susceptible to policy analysis"); Menolascina, 2013 WL 707920, at *4 (same for method of prison transport); Crane, 2011 WL 7277317, at *8 (same). Thus, the court concludes that the discretionary function exception bars plaintiff's claim.[1]

---

[1] Plaintiff argues that the discretionary function exception should not apply, citing McKinney v. United States, 950 F. Supp. 2d 923, 928 (N.D. Tex. 2013). However, the court is not bound by that court's decision. Moreover, McKinney is distinguishable because it involved an inmate "suffering from poor health, [who] was wearing handcuffs, a belly chain, and shackles" and BOP employees did not offer him any assistance as he exited an airplane. Id. at 925. Here, BOP employees did not blatantly disregard their mandatory obligation to keep prisoners safe as they did in McKinney. Moreover, at least one other court has explicitly declined to follow McKinney. Garcia-Feliciano v. United States, 101 F. Supp. 3d 142, 147 (D.P.R. 2015) (declining to follow McKinney by noting that "[w]hile I believe that the Marshals Service put Garcia at risk by having him walk unaided and shackled down a flight of stairs, I see no basis for sustaining his lawsuit: the Government's action were discretionary, and they were plainly motivated by policy considerations.").

## CONCLUSION

Based upon the foregoing, plaintiff's motion to amend (DE 30) is DENIED, defendants' motion to dismiss (DE 19) is GRANTED and the clerk of court is DIRECTED to close this case.

SO ORDERED, this 2nd day of March, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge